IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SECTRA COMMUNICATIONS AB,<br><br>Plaintiff,<br><br>v.<br><br>ABSOLUTE SOFTWARE, INC. and NETMOTION SOFTWARE, INC.,<br><br>Defendants. | Civil Action No. 6:21-cv-759<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which Plaintiff Sectra Communications AB ("Sectra" or Plaintiff") makes the following allegations against Defendants Absolute Software, Inc. ("Absolute") and NetMotion Software, Inc. ("NetMotion") (collectively, "Defendants"):

**NATURE OF THE ACTION**

1.  This is a civil action for infringement of United States Patent No. 7,797,437 ("the '437 Patent" or "Asserted Patent" or Patent-in-Suit"), arising under the Patent Laws of the United States, 35 U.S.C. §§ 271, *et seq.*

**THE PARTIES**

2.  Plaintiff Sectra is a corporation organized and existing under the laws of Sweden, with its principal place of business at Teknikringen 20, SE-583 30 Linköping, Sweden. Sectra is a pioneer in the fields of medical technology and encrypted communication systems. Sectra develops cutting-edge solutions in the expanding niche segments of medical technology, IT and cybersecurity.

1

3.      Defendant Absolute is a corporation organized and existing under the laws of Washington, with a principal place of business at 11401 Century Oaks Terrace, Suite 430, Austin, TX 78758. Absolute conducts business, either directly or through its agents, including its wholly-owned subsidiary NetMotion, on an ongoing basis in this judicial district and elsewhere in the United States, and has a regular and established place of business in this judicial district at 11401 Century Oaks Terrace, Suite 430, Austin, TX 78758. Absolute may be served through its registered agent C T Corporation System, 1999 Bryan Street, Ste. 900, Dallas, TX 75201.

4.      Defendant NetMotion is a corporation organized and existing under the laws of Washington, with a principal place of business at 1505 Westlake Avenue N, Suite 500, Seattle, Washington 98109. NetMotion conducts, business, either directly or through its agents, including its parent company Absolute, on an ongoing basis in this judicial district and elsewhere in the United States, and has a regular and established place of business in this judicial district at 11401 Century Oaks Terrace, Suite 430, Austin, TX 78758. NetMotion may be served through its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

5.      This action arises under the patent laws of the United States, including 35 U.S.C. §§ 271, *et. seq*.

6.      This Court has subject matter jurisdiction over Sectra's claims under 28 U.S.C. §§ 1331 and 1338(a).

7.      This United States District Court for the Western District of Texas has general and specific personal jurisdiction over Defendants because Defendants are present in, and transact and conduct business in and with residents of, this District and the State of Texas.

8. Sectra's cause of action arises, at least in part, from Defendants' contacts with and activities in this District and the State of Texas.

9. Defendants have committed acts that infringe the '437 Patent within this District and the State of Texas by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Texas infringing products, such as (without limitation) NetMotion Mobility and NetMotion Platform. Defendants make, use, sell, offer for sale, ship, distribute, advertise, promote, and/or otherwise commercialize such infringing products in this District and the State of Texas. Defendants regularly conduct and solicit business in, engage in other persistent courses of conduct in, and/or derive substantial revenue from goods and services provided to residents of this District and the State of Texas.[1]

10. Venue in the Western District of Texas is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

11. Upon information and belief, Defendants have committed infringing acts in this judicial district by making, using, offering for sale, selling, or importing products or services that infringe the Asserted Patent, or by inducing others to infringe the Asserted Patent.

12. Upon information and belief, Defendants maintain a "regular and established" place of business in this district.

13. On information and belief, Defendants have a regular and established physical presence in the district, including but not limited to, ownership of or control over property, equipment, or inventory. For example, Defendants have an office located at 11401 Century Oaks Terrace, Suite 430, Austin, TX 78758, which lies within this federal judicial district.

---

[1] https://www.prnewswire.com/news-releases/netmotion-wireless-and-motion-computing-announce-joint-marketing-agreement-94818029.html ("NetMotion Wireless and Motion Computing [an Austin-based company] Announce Joint Marketing Agreement").

## COUNT I
### (Infringement of the '437 Patent)

14. Sectra repeats and incorporates by reference each preceding paragraph as if fully set forth herein and further states:

15. On September 14, 2010, the United States Patent and Trademark Office duly and legally issued the '437 Patent, entitled "Method for handover between heterogeneous communications networks." A true and correct copy of that patent is attached as Exhibit 1.

16. The inventors of the '437 Patent are Torbjorn Hovmark and Lars Resenius, and the patent is assigned to Sectra. Sectra is the exclusive owner of all rights, title, and interest in the '437 Patent, and has the right to bring this suit to recover damages for any future, current or past infringement.

17. The '437 Patent relates to a method for handover or roaming between heterogenous communications networks. For example, claim 1 of the '437 Patent recites:

> A method of maintaining communication between a first unit and a second unit,
>
> wherein said first unit is comprised of a geographically mobile unit and includes a first protocol stack adapted to act between a first communications hardware used for communication via a first communications network and one or more first software components, and
>
> wherein said second unit includes a second protocol stack adapted to act between a second communications hardware used for communication via a second communications network and one or more second software components,
>
> the method comprising the steps of:
>
> providing said first unit with a first session layer which is adapted to act as an interface between said first protocol stack and said first software components;
>
> providing said second unit with a second session layer which is adapted to act as an interface between said second protocol stack and said second software components;

causing said first session layer to indicate a first identity corresponding to said second unit and said second software components;

causing said second session layer to indicate a second identity corresponding to said first unit and said first software components;

causing said first and said second session layers to use a common session protocol to ensure that traffic belonging to different first sockets in said first software components are directed by traffic intended for said second software components to different second sockets in said second software components uniquely corresponding to said different first sockets, and that traffic belonging to different second sockets in said second software components are directed by traffic intended for said first software components to different first sockets in said first software components uniquely corresponding to said different second sockets;

providing said first unit with one or more first communications hardware with associated drive routines adapted to different communications networks;

in the event of said first unit switching from said first communications network to a third communications network, causing said first session layer to maintain said communication between said first unit and said second unit by selecting necessary first communications hardware and drive routines for said third communications network; and

causing said second session layer to retain said second identity during the switching of said first unit from said first communications network to said third communications network.

18. Defendants are not licensed to the '437 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '437 Patent whatsoever.

19. Defendants manufacture, use, and sell infringing products and services (collectively, the "Accused Instrumentalities"), including but not limited to NetMotion Mobility and NetMotion Platform. NetMotion Mobility is "standards-compliant, client/server-based software that securely extends the enterprise network to the mobile environment" and "maximizes mobile field worker productivity by maintaining and securing their data connections as they move

5

in and out of wireless coverage areas and roam between networks."[2] NetMotion Platform is an integrated solution that offers among other features, "a VPN highly optimized for mobile access."[3]

20. Defendants have directly infringed and continue to directly infringe one or more claims, including at least claim 1, of the '437 Patent in violation of 35 U.S.C. § 271(a) by, without authority, making, using, offering to sell, or selling in the United States or importing into the United States the Accused Instrumentalities.[4,5]

21. As further described in the claim chart attached as Exhibit 2, the Accused Instrumentalities directly infringe each element of at least Claims 1 of the '437 Patent.

22. In addition, Defendants have indirectly infringed and continue to indirectly infringe the '437 Patent in violation of 35 U.S.C. § 271(b) by taking active steps to encourage and facilitate direct infringement by others, including customers, and/or end users, in this district and elsewhere in the United States, through the dissemination of the Accused Instrumentalities and the creation and dissemination of promotional and marketing materials, supporting materials, instructions,

---

[2] http://help.netmotionsoftware.com/support/docs/mobilityxg/1100/help/mobilityhelp.htm.

[3] https://www.netmotionsoftware.com/news/netmotion-announces-global-availability-of-sase-platform.

[4] https://www.netmotionsoftware.com/solutions/enterprise-vpn-software-solutions.

[5] https://www.absolute.com/company/press-releases/2021/absolute-software-completes-acquisition-of-netmotion/ ("NetMotion™ (by Absolute) provides security solutions for millions of devices deployed around the world."); *Id*. ("With the addition of NetMotion, Absolute is bringing together the power of self-healing devices and applications with a resilient network connection to deliver the next generation of Endpoint Resilience, enabling organizations to prioritize a secure user experience while also minimizing the strain on IT and security teams, maximizing technology functionality, and strengthening overall security posture."); https://www.absolute.com/company/press-releases/2021/absolute-software-to-acquire-netmotion/ ("With the addition of NetMotion, Absolute will offer a next generation solution that combines Endpoint Resilience and network continuity, delivering secure access while enhancing both the security posture of the organization and the end-user experience."); https://www.morningstar.com/news/business-wire/20210511006204/ absolute-software-to-acquire-netmotion-to-deliver-the-next-generation-of-endpoint-resilience ("Absolute Software to Acquire NetMotion, to Deliver the Next Generation of Endpoint Resilience").

product manuals, and/or technical information relating to the Accused Instrumentalities with knowledge and the specific intent that its efforts will result in the direct infringement of the '437 Patent.

23.     For example, Defendants took active steps to encourage end users to use the Accused Instrumentalities in the United States in a manner they know will directly infringe each element of one or more claims, including at least claim 1, of the '437 Patent, including by selling the Accused Instrumentalities and promoting and instructing on their use despite knowing of the patent and the fact that such acts will cause the user to use the Accused Instrumentalities in a manner that infringes the patent. Defendants continue to undertake the above-identified active steps after receiving notice of the '437 Patent (at least as early as about March 22, 2021[6]) and how those steps induce infringement of that patent.

24.     In addition, Defendants have indirectly infringed and continue to indirectly infringe the '437 Patent in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States, or importing into the United States, the Accused Instrumentalities with knowledge that they are especially designed or adapted to operate in a manner that infringes that patent and despite the fact that the infringing technology or aspects of the Accused Instrumentalities are not a staple article of commerce suitable for substantial non-infringing use.

25.     For example, Defendants are aware that the functionality included in the Accused Instrumentalities infringes the '437 Patent, including at least claim 1. Defendants continue to sell and offer to sell the Accused Instrumentalities in the United States after receiving notice of the

---

[6]   *See* Sectra's notice letters to Defendants, Exhibits 3 and 4.

'437 Patent (at least as early as about March 22, 2021[7]) and how the functionality of the Accused Instrumentalities infringes that patent.

26. The infringing aspects of the Accused Instrumentalities can be used only in a manner that infringes the '437 Patent and thus have no substantial non-infringing uses. The infringing aspects of those instrumentalities otherwise have no meaningful use, let alone any meaningful non-infringing use.

27. Defendants' acts of infringement have caused and continue to cause damage to Sectra, and Sectra is entitled to recover from Defendants the damages it has sustained as a result of those wrongful acts in an amount subject to proof at trial. Defendants' infringement of Sectra's rights under the '437 Patent will continue to damage Sectra, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

28. Defendants' infringement of the '437 Patent has been willful. Defendants were notified about the '437 Patent at least as early as about March 22, 2021.[8]

## DEMAND FOR JURY TRIAL

29. Sectra hereby demands a jury trial pursuant to Federal Rule of Civil Procedure 38.

## FEES AND COSTS

30. To the extent that Defendants' litigation conduct supports a finding that this is an "exceptional case," an award of attorneys' fees and costs to Sectra is justified pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Sectra prays for relief against Defendants as follows:

---

[7] *See supra* n.6.
[8] *See supra* n.6.

a. Declaring that Defendants have infringed the Asserted Patent, contributed to the infringement of the Asserted Patent, and/or induced the infringement of the Asserted Patent;

b. Awarding Sectra damages arising out of this infringement of the Asserted Patent, including enhanced damages pursuant to 35 U.S.C. § 284 and prejudgment and post-judgment interest, in an amount according to proof;

c. Permanently enjoining Defendants, and their respective officers, agents, servants, employees, and those acting in privity with it, from further infringement, including inducing infringement and contributory infringement, of the Asserted Patent;

d. Awarding attorneys' fees to Sectra pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

e. Awarding to Sectra such other costs and further relief as the Court deems just and proper.

Dated: July 23, 2021

Respectfully submitted,

/s/*Stephen M. Hash*
Stephen M. Hash
Texas Bar No. 24012800
Kevin J. Meek
Texas Bar No. 13899600
Syed K. Fareed
Texas Bar No. 24065216
Puneet Kohli
Texas Bar No. 24090523
**BAKER BOTTS L.L.P.**
98 San Jacinto Blvd, Suite 1500
Austin, TX 78701
Telephone: (512) 322-2587
Facsimile: (512) 322-3687
stephen.hash@bakerbotts.com
kevin.meek@bakerbotts.com
syed.fareed@bakerbotts.com
puneet.kohli@bakerbotts.com

***ATTORNEYS FOR PLAINTIFF***
***SECTRA COMMUNICATIONS AB***