IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SECTRA COMMUNICATIONS AB,<br><br>Plaintiff,<br><br>v.<br><br>ABSOLUTE SOFTWARE, INC. and NETMOTION SOFTWARE, INC.,<br><br>Defendants. | Civil Action No. 6:21-cv-00759-ADA<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S OPPOSED MOTION TO STRIKE DEFENDANTS' NEW REQUEST IN ITS REPLY (D.I. 48) TO TRANSFER TO THE AUSTIN DIVISION**

Plaintiff Sectra Communications AB ("Plaintiff" or "Sectra") moves to strike Defendants Absolute, Software, Inc. and NetMotion Software, Inc's ("Defendants") reply brief in support of its Motion to Transfer (D.I. 48) to the extent it seeks a transfer to the Austin Division.

**I.   INTRODUCTION**

On July 23, 2021, Sectra filed its Complaint against ***both*** Absolute Software, Inc. and NetMotion Software, Inc., noting Absolute's operations in the Western District of Texas ("WDTX") especially as they relate to venue in this case. D.I. 1 at ¶¶ 3, 9 –13. In the Complaint, Sectra accused certain software provided by the Defendants of infringing the asserted patent. D.I. 1-3. On October 29, 2021, Defendants filed a Motion to Transfer (D.I. 30) to the Western District of Washington ("WDWA"). Defendants' Motion to Transfer did not request a transfer to the

1

Austin Division. *See generally* D.I. 30. Sectra supplemented its infringement contentions on November 11, 2021, to identify additional software of infringing the asserted patent.[1]

In response to Defendants Motion to Transfer, Sectra undertook extensive venue discovery to uncover the lack of ties to WDWA, including multiple rounds of document discovery followed by a 30(b)(6) deposition. Given that the only relief sought in the Defendants' Motion to Transfer (D.I. 30) was a request to transfer the case to WDWA—and not to the Austin Division of WDTX— the parties' venue discovery was limited to assessing the inconvenience of litigating the case in WDWA and did not focus on the differences in the convenience inquiry as between Waco and Austin. Sectra filed its opposition to Defendants' motion on February 11, 2022, establishing why WDWA was inconvenient and why a transfer to WDWA was improper. D.I. 42.

On February 25, 2022, Defendants filed their reply to Sectra's opposition, requesting for the ***first time*** that this case be transferred to the Austin Division as an alternative to WDWA. There was no prior request to transfer the case to the Austin Division, and certainly no notice was provided to Sectra regarding this new relief, as required under Local Rule CV-7(g).[2]

---

[1] After Sectra served its preliminary infringement contentions on October 8, 2021, Defendant Absolute Software publicly announced that it was incorporating NetMotion's infringing technology into its Absolute Persistence™ product. *See* https://www.absolute.com/company/press-releases/2021/absolute-enables-shift-to-work-from-anywhere-with-first-self-healing-zero-trust-platform/ (press release dated October 27, 2021). Sectra thus supplemented its infringement contentions on November 11, 2021 to identify additional acts of infringement based upon the referenced Absolute products.

[2] Counsel for both parties conferred in good faith via email on March 1, 2022 and by phone on March 8, 2022 regarding Sectra's motion to strike. Counsel for Defendants stated that it opposes Sectra's relief, and instead offered that Sectra address the issues in a sur-reply brief. Sectra does not believe that a sur-reply would be sufficient to cure the significant prejudice that it has suffered due to Defendants' springing a new relief in a reply brief, and the only appropriate remedy here is to strike Defendants' reply brief to the extent it seeks a transfer to the Austin Division. Sectra devoted significant resources in conducting discovery to assess whether WDWA was a more convenient forum compared to WDTX. A sur-reply brief would necessarily require re-doing a substantial amount of venue discovery, which Sectra should not have to re-do.

## II.     APPLICABLE LEGAL PRINCIPLES

This Court and the Fifth Circuit have found that "arguments raised for the first time in a reply brief . . . are waived." *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005); *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010); *Dropbox, Inc. v. Motion Offense, LLC*, No. 6:20-CV-251-ADA, 2022 WL 174519, at *8 (W.D. Tex. Jan. 18, 2022) (finding arguments raised for the first time in a reply brief to be "waived"). Indeed, courts routinely strike arguments raised in reply briefs as being prejudicial and unfair. *AAR, Inc. v. Nunez*, 408 F. App'x 828, 830 (5th Cir. 2011) (finding that a reply brief "is not the appropriate vehicle for presenting new arguments or legal theories to the court."); *Spedag Americas, Inc. v. Bioworld Merch., Inc.*, 2019 WL 4689011, at *1 (N.D. Tex. Sept. 25, 2019) (granting a motion to strike new argument raised for the first time in a reply brief); *Socket Mobile, Inc. v. Cognex Corp.*, 2017 WL 3575582, at *5 (D. Del. Aug. 18, 2017) (granting the party's motion to strike because allowing the new arguments in the reply brief would be prejudicial and unfair); *White v. City of Red Oak*, 2014 WL 11460871, at *1 (N.D. Tex. July 31, 2014) (finding that courts will generally not consider new arguments in replies because doing so would deprive the nonmovant "of a meaningful opportunity to respond").

Moreover, this District's Local Rules require movants to meet and confer "in good-faith" and to "advise[] the court within the body of the motion that counsel for the parties have conferred in [an] attempt to resolve the matter by agreement and certify[y] the specific reason that no agreement could be made." L.R. 7(g) ("The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made."). Courts in this District have denied the requested relief where movants failed to comply with the "good faith" meet and confer requirements under the Local Rules. *See McCallum v. Camping World, Inc.*, No. 19-CV-01021-

3

OLG, 2019 WL 9197839 (W.D. Tex., Dec. 18, 2019); *Augustinovich v. Home Depot U.S.A., Inc.*, No. 1-20-CV-1233-RP, 2022 WL 180159 (W.D. Tex., Jan. 20, 2022).

### III. ARGUMENT

Defendants' belated attempt to transfer this case to the Austin Division is improper and prejudices Sectra. Defendants had over three months to modify the relief sought in their opening brief (D.I. 48) to seek transfer to the Austin Division. Instead, they waited until *after* the parties had completed venue discovery, *after* the parties devoted substantial resources to investigate the lack of any ties to the originally-proposed transferee forum (WDWA) at a substantial expense, and *after* Sectra filed its opposition brief establishing why this case does not belong in WDWA. By injecting this "alternative" relief for the first time in its reply brief, Defendants also foreclosed any opportunity for Sectra to conduct any investigation into the relative convenience of having this case litigated in the Waco Division as compared to the Austin Division. Defendants' "alternative" relief is no more than an ambush and their strategy of laying behind the log should not be rewarded—Defendants' reply brief should be stricken to the extent it seeks a transfer to the Austin Division.

#### A. Defendants' Request to Transfer to Austin Has Been Waived

The Fifth Circuit strongly discourages raising arguments for the first time in a reply brief, and even finds them to be waived. *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005) ("Arguments raised for the first time in a reply brief . . . are waived."). This Court has adopted the same approach in cases pending before it and found such arguments to be waived as untimely, improper, and prejudicial. *Dropbox, Inc. v. Motion Offense, LLC*, No. 6:20-CV-251-ADA, 2022 WL 174519, at *8 (W.D. Tex. Jan. 18, 2022) (finding arguments raised for the first time in a reply brief to be "waived"); *Corrino Holdings LLC v. Expedia, Inc. et al.*, No. 6:20-CV-00309-ADA, (W.D. Tex., Dec. 14, 2021) (striking evidence "appearing for the first time in Plaintiff's sur-reply,

4

[as] untimely, improper, and prejudicial."). The rationale is simple—reply briefs are "not the appropriate vehicle for presenting new arguments or legal theories to the court." *AAR, Inc. v. Nunez*, 408 F. App'x 828, 830 (5th Cir. 2011). Indeed, courts within the Fifth Circuit and across the country frown upon the trickery that Defendants have engaged in here. *Spedag Americas, Inc. v. Bioworld Merch., Inc.*, 2019 WL 4689011, at *1 (N.D. Tex. Sept. 25, 2019) (granting a motion to strike new argument raised for the first time in a reply brief); *Socket Mobile, Inc. v. Cognex Corp.*, 2017 WL 3575582, at *5 (D. Del. Aug. 18, 2017) (granting motion to strike new arguments in a reply brief because allowing the arguments raised for the first time in the reply brief would be prejudicial and unfair); *White v. City of Red Oak*, 2014 WL 11460871, at *1 (N.D. Tex. July 31, 2014) (finding that courts will generally not consider new arguments in replies because doing so would deprive the nonmovant "of a meaningful opportunity to respond").[3] Defendants' request to transfer this case to the Austin Division is even more egregious, however, because it is not merely a new argument but grounds for completely new relief. Indeed, "it is improper for the movant to sandbag and raise wholly new issues in a reply memorandum." *See United States v. 89.9270303 Bitcoins*, No. 18-CV-0998-JKP, 2022 WL 432562, *1 (W.D. Tex., Feb. 11, 2022) (citing *Weems v. Hodnett*, No. 10-CV-1452, 2011 WL 2731263 at *1 (W.D. La., July 13, 2011).

    **B.**    **Defendants Failed to Meet and Confer Before Seeking Alternative Relief**

Defendants' untimely "alternative" relief also violated Local Rule CV-7(g), because Defendants failed to meet and confer with Sectra regarding any motion to transfer this case to the Austin Division and failed to include in the "body of the motion that counsel for the parties have

---

[3] Even after the filing of their reply brief (D.I. 48), Defendants continue to characterize their motion as seeking an *inter*-district (not *intra*-district) transfer. Indeed, Defendants filed a "Status Report On Motion For <u>Inter</u>-District Transfer" (D.I. 52, emphasis added) on February 28, 2022, confirming that their pending motion seeks an *inter*-district transfer, despite the fact that they injected their untimely and improper request to transfer the case to the Austin Division as an alternate relief.

conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made." Local Rule CV-7(g).  This Court has previously stricken arguments that are raised in violation of the local rules, as is the case here.  *WSOU Investments, LLC d/b/a Brazos Licensing and Development v. NEC Corporation*, C.A. Nos. 6-20-cv-00923-ADA, D.I. 33 (W.D. Tex. Sept. 23, 2021) (striking briefing in its entirety for failure to follow the Court's rules).  Defendants' reply brief seeking a transfer to Austin Division should be struck on this basis as well.  And other courts in this District have similarly denied the requested relief where movants failed to comply with the "good faith" meet and confer requirements under the Local Rules.  *See McCallum v. Camping World, Inc.*, No. 19-CV-01021-OLG, 2019 WL 9197839 (W.D. Tex., Dec. 18, 2019); *Augustinovich v. Home Depot U.S.A., Inc.*, No. 1-20-CV-1233-RP, 2022 WL 180159 (W.D. Tex., Jan. 20, 2022).

### C. Defendants Seek to Further Delay the Litigation

Additionally, Defendants' belated request for a transfer to the Austin Division improperly attempts to delay this litigation.  This Court's Standing Orders require that venue discovery be completed "no later than three months after the filing of the initial motion," with the Plaintiff's response due "two weeks after the completion of venue" discovery, and Defendant's reply due "two weeks after the filing of the response."  Amended Standing Order Regarding Venue and Jurisdictional Discovery Limits for Patent Cases (June 8, 2021).  Defendants' newly sought relief should have either been included in its opening brief or pursued as a separate motion.  But Defendants did neither here because filing a new motion to transfer "within eight weeks of the scheduled date for the Markman hearing" would likely have required Defendants to make a "showing of good cause for any delay and leave of court," which Defendants did not want to provide this Court.  *See* Second Amended Standing Order Regarding Motions For Inter-District Transfer (August 18, 2021) at 2.  By shoe-horning their "alternative" relief in their reply brief,

Defendants attempt to side-step the Court's Standing Orders and undo months of venue discovery conducted by the parties and briefing already filed before this Court.  Defendants should not be allowed to play fast and loose with this Court's docket.[4]

### D.  Defendants' Excuse for the Untimeliness is a Pretext

Defendants seek to justify their newly requested relief to transfer the case to the Austin Division based on how Sectra allegedly "expanded the scope of the case [by amending its infringement contentions to include Absolute's products] while Defendants' motion to transfer was pending."[5]  Ex. 1.  Defendants' excuse should be rejected for multiple reasons.  First, Sectra accused both Defendants—NetMotion and Absolute—of infringement in its Complaint and identified Absolute's operations in the WDTX in the Complaint.  D.I. 1 at ¶¶ 3, 9 –13.  Defendants were on notice and, to the extent they wanted to seek a transfer to Austin, they should have requested it in their opening brief supporting their motion to transfer.  Second, Defendants had over three months from when Sectra supplemented its infringement contentions (October 8, 2021) to notify Sectra that it was also seeking transfer to the Austin Division in the alternative, but chose

---

[4] Even if Defendants' "alternative" relief was considered, it should be denied because they have failed to establish that the Austin Division would be 'clearly' more convenient under the Section 1404 factors.  Indeed, Defendants have not even considered any of the public interest factors impacted by a transfer to the Austin Division or the significant practical problems and delays associated with such a transfer.  *See PaSafeShare LLC v. Microsoft Corp.*, No. 6-20-CV-00397-ADA, 2021 WL 1298933, at *5 (W.D. Tex. Apr. 7, 2021) (denying a motion for transfer from Waco to Austin, finding that "[t]ransferring a case that has been actively litigating in one court causes set-backs and takes time. Thus, transfer to the Austin Division would likely cause a delay.").  To avoid such delays, this Court's Second Amended Standing Order requires that motions to transfer be filed more than eight weeks prior to the *Markman* hearing date.  *See* Second Amended Standing Order Regarding Motion for Inter-district Transfer (August 18, 2021) ("A motion for inter-district transfer may be filed within eight weeks of the scheduled date for the Markman hearing only with a showing of good cause for any delay and leave of court.").  Defendants' request for transfer to the Austin Division should be subject to the same rules and denied on this basis alone, since its new relief was requested within four weeks of the March 28, 2022 *Markman* hearing date without good cause or leave of court.

[5] Defendants' newly requested relief is a tacit admission that venue is far more convenient in the Western District of Texas than in the WDWA.

7

not to. Instead, Defendants lured Sectra into investing significant time and expenses in venue discovery, all while remaining silent and then sprung an entirely new relief in its reply brief. This is improper. *United States v. 89.9270303 Bitcoins*, 2022 WL 432562, *1 ("it is improper for the movant to sandbag and raise wholly new issues in a reply memorandum."). Defendants should not be rewarded for their gamesmanship, when they had more than ample opportunity to put Sectra on timely notice of their newly requested relief, but chose not to.

## IV. CONCLUSION

For the foregoing reasons, Sectra requests that this Court strike Defendants' newly requested relief in its reply brief (D.I. 48) that this case be transferred to the Austin Division as an alternative to WDWA.

Dated:  March 8, 2022

Respectfully submitted,

/s/ *Stephen M. Hash*
Stephen M. Hash
Texas Bar No. 24012800
Kevin J. Meek
Texas Bar No. 13899600
Syed K. Fareed
Texas Bar No. 24065216
Samoneh Kadivar
Texas Bar No. 24097911
**BAKER BOTTS L.L.P.**
98 San Jacinto Blvd, Suite 1500
Austin, TX 78701
Telephone: (512) 322-2587
Facsimile: (512) 322-3687
stephen.hash@bakerbotts.com
kevin.meek@bakerbotts.com
syed.fareed@bakerbotts.com
samoneh.kadivar@bakerbotts.com

David J. Tobin
Texas Bar No. 24060735
**BAKER BOTTS L.L.P.**
2001 Ross Avenue

Dallas, TX 75201<br>
Telephone: (214) 953-6869<br>
Facsimile: (214) 661-4869<br>
david.tobin@bakerbotts.com

***ATTORNEYS FOR PLAINTIFF***
***SECTRA COMMUNICATIONS AB***

## CERTIFICATE OF CONFERENCE

I certify that on March 1, 2022 and March 8, 2022, counsel for Plaintiff conferred via email and phone, respectively, with counsel for Defendants, and counsel for Defendants advised it is opposed to the request sought in this motion.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing is being served on all counsel of record who consent to electronic service on this the 8th day of March 2022.

Heidi L. Keefe
Reuben Chen (*pro hac vice*)
Alexandra Leeper (*pro hac vice*)
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400
hkeefe@cooley.com
rchen@cooley.com
aleeper@cooley.com

Orion Armon
**COOLEY LLP**
1144 15th Street
Suite 2300
Denver, CO 80202-2686
Telephone: (720) 566-4000
Facsimile: (720) 566-4099
oarmon@cooley.com

Deron Dacus
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543
ddacus@dacusfirm.com

                                                          By:  /s/ *Stephen M. Hash*
                                                                Stephen M. Hash